UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC | : : : : : | |
| Plaintiffs, | : : | Case No. 3:18-cv-14895-BRM-DEA |
| v. | : : : | |
| | : | **ORDER** |
| SANDOZ, INC. | : : | |
| Defendant. | : : : | |

**THIS MATTER** is opened to this Court by the applications of Plaintiffs Par Pharmaceutical, Par Sterile Products, LLC, and Endo Par Innovation Company, LLC ("Par" or "Plaintiffs") and Defendant Sandoz ("Sandoz" or "Defendant") for claim construction to resolve disputes over the construction of four claim terms in U.S. Patent Nos. 9,375,478 ("'478 patent"), 9,687,526 ("'526 patent"), 9,750,785 ("'785 patent"), 9,744,209 ("'209 patent"), and 9,937,223 ("'223 patent") (collectively, the "patents-in-suit"): "administering"; "vasopressin"; "wherein the impurities are determined based on"; and "consists essentially of." On January 21, 2020, this Court held a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). Thereafter, both parties submitted supplemental claim construction briefs pursuant to a request from this Court. (ECF Nos. 88 & 89.) For the reasons set forth in the accompanying Opinion and for good cause shown,

**IT IS** on this 9th day of March 2020;

**ORDERED** that "administering" has its plain and ordinary meaning; and it is further

**ORDERED** that "vasopressin" means "arginine vasopressin as described in SEQ. ID. No. 1"; and it is further

**ORDERED** that "wherein the impurities are determined based on" means "wherein any determination as to whether the pharmaceutical composition includes the specified impurities is to be made via the recited procedure"; and it is finally

**ORDERED** that the Court will defer its ruling on the "consists essentially of" claim term.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**